IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| DEBRA A. KRUGER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:13-cv-00603-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING COMMISSIONER'S DECISION

Plaintiff Debra Kruger seeks judicial review of the Commissioner of Social Security's denial of her applications for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–434, and supplemental security income under Title XVI of the Act, 42 U.S.C. §§ 1381–1383f. The Administrative Law Judge ("ALJ") found Plaintiff suffered from several severe impairments, including obesity, anxiety, depression, gastrointestinal symptoms with GERD, and a history of mild diverticulitis, but she retained the RFC to perform her past relevant work as a housekeeper.

Because substantial evidence supports the ALJ's determination, the Commissioner's decision denying benefits is AFFIRMED.

**Factual and Procedural Background**

A summary of the entire record is presented in the parties' briefs and is repeated here only to the extent necessary.

Plaintiff filed her disability applications on November 25, 2009, alleging an onset date of October 23, 2009. The Commissioner denied her applications, and Plaintiff subsequently requested a hearing with an ALJ. The ALJ issued an unfavorable decision. Plaintiff sought

review from the Appeals Council, and on April 18, 2013, it denied her request, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. §§ 405(g), 1383(c)(3).

## Standard of Review

A federal court's review of the Commissioner of Social Security's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011). Substantial evidence is less than a preponderance, but enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *McKinney v. Apfel*, 228 F.3d 860, 863 (8th Cir. 2000). The court must "defer heavily" to the Commissioner's findings and conclusions. *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice, and a decision is not outside this zone simply because the court might have decided the case differently were it the initial finder of fact. *Buckner*, 646 F.3d at 556.

## Analysis

In determining whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a medically determinable impairment that has lasted or can be expected to last for a continuous period of not less than twelve months, 42 U.S.C. § 423(d), the Commissioner follows a five-step sequential evaluation process.[1] Here, Plaintiff raises a single

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a

2

issue: The ALJ erred at Step Four by improperly determining that Plaintiff retained the RFC to perform her past relevant work as a housekeeper.

After an exhaustive review of the record evidence, the ALJ found that Plaintiff retained the RFC to perform medium work. R. at 21. The ALJ, however, imposed additional restrictions, including limiting her to jobs involving only simple instructions and no contact with the general public. R. at 21. With this RFC in hand, the ALJ then identified Plaintiff's past work as a hotel housekeeper and reasoned, "In comparing the claimant's residual functional capacity with the physical and mental demands of this work, the undersigned finds that the claimant is able to perform it as actually performed." R. at 23.

Plaintiff first contends that the finding that she could perform past relevant work is patently inadequate because it fails to list the physical and mental demands of this work as required under the Social Security Regulations. In determining whether a claimant can perform past work, the ALJ must include findings on: (1) the claimant's RFC; (2) the physical and mental demands of the past work; and (3) whether given the claimant's RFC, she could return to her past work. SSR 82-62, 1982 WL 31386, at *4 (Jan. 1, 1982). Without a doubt, the ALJ clearly fulfilled the first requirement by extensively summarizing the record evidence before formulating Plaintiff's RFC. R. at 21-23. Similarly, the ALJ also stated that he compared the requirements of the past work to Plaintiff's RFC and so concluded that she could return to work as a housekeeper, thus satisfying the third requirement under SSR 82-62. R. at 23.

---

determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); see 20 C.F.R. §§ 404.1520(a)–(g); 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

There is some merit to Plaintiff's claim that the ALJ did not make specific findings on the physical and mental demands of her past work, as required by the second prong of SSR 82-62. The ALJ merely said that he "compared" the mental and physical demands of her past work with her current RFC, but he never listed what those demands were. Nevertheless, the Court finds this misstep to be a deficiency in opinion writing, not an outcome determinative error. *See Hepp v. Astrue*, 511 F.3d 798, 806 (8th Cir. 2008) ("We have held that an arguable deficiency in opinion-writing technique does not require us to set aside an administrative finding when that deficiency had no bearing on the outcome." (internal quotation marks omitted)).

Although not summarized in the ALJ's opinion, the record contains sufficient information on the physical and mental demands of her past work, and those demands are compatible with her RFC. As for the physical demands, Plaintiff's own report suggests that her housekeeping job only required her to perform work at a medium exertional level. *See* R. at 114, 121 (noting that in her position as housekeeper, Plaintiff occasionally lifted 50 pounds and frequently lifted 25 pounds); 20 C.F.R. §§ 404.1567(c), 416.967(c) ("Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds."); R. at 21 (precluding Plaintiff to no more than medium work). With respect to the mental demands of her past work, Plaintiff identified that it did not require technical knowledge or skills, nor did it require writing or completing reports. R. at 114. On the contrary, it consisted of almost entirely simple manual tasks such as taking out trash, cleaning rooms, and mopping floors. R. at 114, 121. Nowhere in her disability application or work history report does it indicate that Plaintiff undertook any tasks that involved more than simple instructions or required interaction with the general public. R. at 21, 114, 121. Nor does Plaintiff direct the Court to any such evidence. *See Reed v. Sullivan*, 988 F.2d 812, 815 (8th Cir. 1993) (noting the

4

*claimant* shoulders the burden of proving she cannot return to her past work). Since the physical and mental demands of Plaintiff's prior work were contained in the record and were entirely consistent with her RFC, R. at 20, 21, 114, 121, 132-33, 143-44, substantial evidence supports the ALJ's determination that Plaintiff could perform her past relevant work. *See Hill v. Colvin*, 753 F.3d 798, 801 (8th Cir. 2014) (noting that an ALJ may rely upon a claimant's own testimony about how he performed his prior work in determining whether the claimant retained the RFC to return to that profession). Thus, because the ALJ's failure to list and discuss the physical and mental demands required to work as a housekeeper would not change the ultimate outcome, it is nothing more than harmless error. *See Hepp*, 511 F.3d at 806.

Plaintiff next contends the ALJ erred in failing to call a vocational expert to determine whether she could perform her past work. As the Eighth Circuit has consistently held, however, a vocational expert is not required at Step Four of the sequential process. *See, e.g.*, *Hill*, 753 F.3d at 801 (holding that the ALJ did not err in failing to call a vocational expert in determining whether the claimant could perform his past work). Thus, the ALJ committed no reversible error at Step Four.

## Conclusion

Because substantial evidence supports the ALJ's opinion, the Commissioner's decision denying benefits is AFFIRMED.

**IT IS SO ORDERED.**

Date:  December 29, 2014            /s/ Greg Kays
                                                        GREG KAYS, CHIEF JUDGE
                                                        UNITED STATES DISTRICT COURT